MATTER OF VIZCARRA-DELGADILLO

In Deportation Proceedings

A-14699637

*Decided by Board November 6, 1968*

Deportation proceedings may be terminated as "improvidently begun" even after the deportation hearing has proceeded to a final conclusion and a deportation order has been entered; hence, the special inquiry officer, upon motion of the District Director, did not lack authority to terminate deportation proceedings.

CHARGE:

Lodged: Act of 1952—Section 241(a)(5), [8 U.S.C. 1251(a)(5)]—Conviction under 18 U.S.C. 1546.

ON BEHALF OF RESPONDENT:
Phelan, Simmons & Ungar
517 Washington Street
San Francisco, California 94111
(Letter memorandum filed,
concurring in appeal)

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney
(Oral argument waived)

This is an appeal by the District Director of the Immigration and Naturalization Service from an order of the special inquiry officer denying the Service's unopposed motion to terminate the deportation proceedings.

The record before us reflects the following undisputed facts: The respondent is an alien, a native and citizen of Mexico, who was admitted to the United States for permanent residence on September 18, 1965. On August 9, 1966, in the United States District Court for the Northern District of California, he was convicted on his plea of guilty to a charge of aiding and abetting the alteration and possession of a false immigration document, in violation of 18 U.S.C. 1546 and 2. Deportation proceedings were started against respondent, charging that because of his conviction he was deportable under section 241(a)(5) of the Act. At a hearing on October 13, 1966, respondent through counsel conceded his deportability as charged and a deportation order was

entered which became administratively final on respondent's waiver of his right to appeal.

On October 18, 1968, the District Director filed a motion requesting the special inquiry officer to terminate the proceeding under 8 CFR 242.7 on the ground that the deportation proceeding had been improvidently begun. The motion recited that on October 31, 1966, the respondent had filed a motion in the District Court to set aside his conviction; that the District Court had denied the motion; that on appeal the United States Court of Appeals for the Ninth Circuit had affirmed the judgment below; and that respondent had filed a petition for a writ of certiorari which was then pending before the Supreme Court. The motion stated no other facts which might indicate why the District Director had concluded that the deportation proceedings had been improvidently begun. Counsel for respondent stated that they had no objection to the motion and they filed no response to it.

The special inquiry officer denied the motion. In a decision dated October 28, 1968, he concluded that he lacked power under 8 CFR 242.7 to entertain such a motion after entry of a deportation order; and that, in any event, even if he had jurisdiction he would deny the motion because it failed to contain a reasonable explanation for the District Director's belief that the proceeding had been improvidently begun. It is this decision of the special inquiry officer which is before us on appeal.

In a letter to this Board dated October 30, 1968, joining in the appeal, counsel for the respondent point out that the only avenue of relief from deportation available to him appears to be the vacating of the conviction underlying the deportation order; and they state they have agreed to dismiss their pending certiorari petition if the deportation proceedings are terminated. In addition to the foregoing information which was not before the special inquiry officer, we have also considered the facts brought out in the reported opinion in respondent's court proceedings, *Vizcarra-Delgadillo* v. *United States*, 395 F.2d 70 (9th Cir. 1968), which were apparently not called to the special inquiry officer's attention.

We think that the special inquiry officer did not lack power to terminate the deportation proceeding, if that course was otherwise indicated, merely because an administratively final deportation order had already been entered. Even though the posture of the case did not fit neatly within any of the patterns formulated in 8 CFR 242.7, the administrative process is sufficiently malleable to warrant recourse to other sources of authority. The admin-

istrative power to terminate deportation proceedings in appropriate cases existed even before 8 CFR 242.7 was promulgated.[1] That regulation must be viewed as an extension of such power, rather than as a limitation upon it. Even after a final deportation order has been entered, the deportation proceedings may be reopened for proper cause, 8 CFR 103.5 and 242.22, and the proceedings can then be terminated in appropriate cases. We shall consider the District Director's motion as if it had been filed under the regulations last cited.

This raises the question, implicit in the special inquiry officer's decision, whether there is authority on the part of any one to terminate a deportation proceeding as "improvidently begun," once a final deportation order has been entered. We think there is.

Section 241(a) of the Act sets up numerous grounds for the expulsion of aliens in the United States and section 242(b) prescribes the procedure for determining the deportability of any alien upon any of such grounds. It cannot be supposed, however, that Congress contemplated that those charged with the responsibility for enforcing the immigration laws must automatically start and relentlessly pursue deportation proceedings against *all* aliens who seem to fit within the statutory proscription. As Judge (now Mr. Justice) Marshall stated in a similar context, *Pignatello* v. *Attorney General*, 350 F.2d 719, at 725 (2d Cir., 1965):

. . . . The statute does not command the Attorney General to deport all aliens who have been convicted of two crimes involving a moral turpitude; it merely states that any such alien "shall, upon the order of the Attorney General, be deported. . . . ."

Those charged with responsibility for enforcing the criminal laws have prosecutive discretion in determining whether to initiate criminal prosecution in a given case. A similar discretion not to proceed in a given case must be accorded to those responsible for immigration law enforcement.[2] And where, following the formal start of deportation proceedings, additional facts or policy considerations arise which lead those responsible to conclude that this is not the sort of case in which such proceedings should have been started in the first place, 8 CFR 242.7 wisely provides the mechanics for termination on the ground that the proceeding was "improvidently begun."

---

[1] See *Matter of B—*, 6 I. & N. Dec. 713 (A.G., 1955); *Pignatello* v. *Attorney General*, 350 F.2d 719, 724-725 (2d Cir., 1965).

[2] To conjure up an extreme example, it can hardly be supposed that any one would criticize the failure to start deportation proceedings against a clearly deportable alien in the terminal stages of cancer.

We see no reason why the same considerations should not also apply with equal force even after the deportation hearing has proceeded to a final conclusion and a deportation order has been entered. There is generally nothing immutable about a deportation order; it does not have the *res judicata* effect of a court judgment. Even a criminal judgment of conviction affirmed on appeal may be set aside on the prosecutor's motion on the ground that the proceeding violated prosecutive policy, *Petite v. United States*, 361 U.S. 529 (1960). An administrative deportation order is not entitled to greated inviolability.

A more troublesome question is presented by the special inquiry officer's alternate basis for denial, *i.e.*, that the District Director's motion contained no reasonable explanation for his conclusion that the proceeding had been improvidently begun. Before actual commencement of the deportation hearing, 8 CFR 242.7 makes it clear, the District Director has decisive power to terminate the proceedings; but after actual commencement of the hearing the regulation provides merely that he may *move* for dismissal on that ground. The special inquiry officer in this case has read the regulation as contemplating, not the automatic grant of such a motion, but an informed adjudication by the special inquiry officer (and presumably by this Board, in the event of appeal) on an evaluation of the factors underlying the District Director's conclusion.

The regulation is not specific on this point, and reasonable arguments can be mustered on both sides of the issue. It may be contended, on the one hand, that in view of the separation of functions sought to be achieved by the Act,[3] the question whether a proceeding has been improvidently begun is one which is addressed primarily to prosecutive discretion and should therefore not be of concern to special inquiry officers or this Board, whose functions are essentially quasi-judicial. This should be so *a fortiori* in a situation like the present, where termination of the proceedings is sought by both the Service and the respondent, and the latter is represented by competent counsel. Under such circumstances, it can be said, there is no purpose to be served in having the District Director's conclusion reviewed further by the special inquiry officer or this Board, either for the purpose of seeing that the alien is not disadvantaged or for the purpose of promoting proper enforcement of the immigration laws. On the other hand, the language of the regulation does point to a distinc-

---

[3] See *Marcello v. Bonds*, 349 U.S. 302 (1955.)

tion between the District Director's unquestioned power of termination before the hearing is actually commenced and his mere privilege of moving for dismissal thereafter. Perhaps the best solution would be to amend the regulation to specify more particularly what is intended.

We need not determine this question at this point. Even assuming *arguendo* that the special inquiry officer and this Board on appeal have jurisdiction to review the District Director's conclusion that the deportation proceeding was improvidently begun, the facts now before us are sufficient to justify that conclusion. The circumstances under which the respondent was induced to enter his guilty plea to the criminal charge, as outlined in the Ninth Circuits' reported opinion in his case, *supra*, and the factors recited in the letter from respondent's counsel dated October 30, 1968, all point to the reasonableness of the District Director's conclusion, as a matter of prosecutive judgment, that these deportation proceedings were improvidently begun and should be terminated.

As we have indicated, all the facts now before us were not before the special inquiry officer when he made the decision under review. No useful purpose would be served, however, if we were to remand the case to the special inquiry officer for that reason. The following order will therefore be entered:

*It is ordered* that the appeal be sustained, that the deportation order be withdrawn, that the deportation proceedings be reopened, and that on such reopening the deportation proceedings be and they are hereby terminated.