MATTER OF DACANAY

In Deportation Proceedings

A-20972362

A-20972365

*Decided by Board June 3, 1977*

(1) Respondents were authorized to accept employment at St. John's Hospital in Detroit. Subsequently, and in violation of their authorized employment, they accepted employment at another hospital prior to the approval of visa petitions submitted by the second hospital in their behalf. The Service approved those petitions January 24, 1975, and authorized respondents to remain until January 23, 1976.

(2) Deportation proceedings were instituted under section 241(a)(9) of the Immigration and Nationality Act alleging respondents had violated their nonimmigrant status by accepting employment at the second hospital before approval of their visa petitions.

(3) A visa petition filed on Form I-129B on behalf of an alien already in the United States in a nonimmigrant classification defined in section 101(a)(15)(H) of the Act may be adjudicated only as an application for extension of stay either to continue the same employment or training previously authorized or to undertake different employment or training. The approval by the Service of the Forms I-129B filed by the second hospital on January 24, 1975, operated to authorize an extension of the stay of respondents and inferentially affirm the continuing legality of their nonimmigrant status. For that reason the orders to show cause should not have been issued, and the proceedings will be terminated.

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Nonimmigrants—failed to comply with conditions of status

ON BEHALF OF RESPONDENTS: Ernest Sosnick, Esquire
Popkin, Shamir & Greenberg, Inc.
5670 Wilshire Boulevard
Suite 1800
Los Angeles, California 90036

BY: Milhollan, Chairman; Wilson, Maniatis, Appleman, and Maguire, Board Members

In a decision dated March 19, 1975, an immigration judge found the respondents, husband and wife, deportable under section 241(a)(9) of the Immigration and Nationality Act, for failure to comply with the conditions of their status, and granted them the privilege of voluntary departure by May 17, 1975, in lieu of deportation to the Republic of the

Philippines. The husband alone has appealed from that decision in submitting his Notice of Appeal (Form I—290A), dated March 26, 1975, through previous counsel. Inasmuch as the Service and new counsel treat the appeal as though the wife had appealed also, we will take jurisdiction of her case on certification in accordance with 8 C.F.R. 3.1(c).

The respondents, natives and citizens of the Republic of the Philippines, were admitted to the United States on July 10, 1972, and August 5, 1972, respectively. Under Section 101(a)(15)(H)(i), they were authorized employment at St. John's Hospital, Detroit, Michigan, until May 17, 1975, and May 4, 1975, respectively.

In violation of their authorized employment, the respondents accepted employment at the David Brotman Memorial Hospital in Culver City, California, on November 18, 1974, and December 2, 1974, respectively. They commenced such employment prior to the approval of visa petitions submitted by the David Brotman Memorial Hospital on their behalf. The visa petitions were approved on January 24, 1975, for their new employment and they were authorized to remain until January 23, 1976 (counsel's brief p. 1).

At the hearing the respondents admitted the allegations contained in the Order to Show Cause, however, they denied deportability (Tr. p. 3).

Section 101(a)(15)(H)(i), pertains to an alien having a residence in a foreign country, which he has no intention of abandoning, who is of distinguished merit and ability and who is coming temporarily to the United States to perform temporary services of an exceptional nature requiring such merit and ability.

The employment of nonimmigrants, including temporary workers, is also governed by regulations. The pertinent portion of 8 C.F.R. 214.1(c) states:

> A nonimmigrant who is permitted to engage in employment may engage only in such employment as has been authorized. Any unauthorized employment by a nonimmigrant constitutes a failure to maintain status within the meaning of section 241(a)(9) of the Act.

Additionally, 8 C.F.R. 214.2(h)(1) provides:

> If an alien in the United States desires to perform temporary services for another petitioner, a new petition on Form I-129B must be submitted, and if the petition is approved, an extension of stay may be granted. . . .

The respondents were authorized employment at St. John's Hospital, Detroit, Michigan. Initially they were not authorized employment at David Brotman Memorial Hospital in Culver City, California; authorization was not obtained until some 10 weeks after employment commenced.

The Service, however, in its motion for termination, dated May 19,

1977, requests that these deportation proceedings be terminated inasmuch as they were improvidently begun.

It is the Service position that a visa petition filed on Form I–129B in behalf of an alien or aliens already in the United States in the nonimmigrant classification defined in Section 101(a)(15)(H), may be adjudicated only as an application for extension of stay either to continue the same employment or training or to undertake employment or training different from that previously authorized. The approval of Forms I–129B in these cases on January 24, 1975, had the effect of extending the stay of the respondents and of inferentially affirming the continuing legality of their nonimmigrant status. The Service contends the Orders to Show Cause should not have been issued.

On the basis of the foregoing we will grant the Service Motion for Termination. *Matter of Vizcarra-Delgadillo*, 13 I. & N. Dec. 51 (BIA 1968). Accordingly, the proceedings will be terminated.

**ORDER:** The deportation proceedings against the respondents are terminated.