**Juana Zoraida LOPEZ–TELLES, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 77–1247.

United States Court of Appeals, Ninth Circuit.

Nov. 25, 1977.

Bill Ong Hing, Unit Director, Patricia D. Lee, Managing Atty., Immigration Law Unit, San Francisco Neighborhood Legal Assistance Foundation, San Francisco, Cal., for petitioner.

Philip Wilens, Chief, Government Regulations & Labor Section, James P. Morris, John E. Harris, Attys., Crim. Div., Dept. of Justice, Washington, D. C., for respondent.

Before ELY, WRIGHT and CHOY, Circuit Judges.

PER CURIAM:

The petitioner is a citizen and native of Nicaragua. Shortly after the major earthquake there in 1973, she applied for and received a visa allowing her to visit the United States for a period of six months. In December, 1975, the Immigration and Naturalization Service (INS) issued an order to show cause directed to the petitioner and requiring a showing as to why she should not be deported for overstaying her visa. At the deportation hearings, she conceded deportability. She claimed, however, that since her home and possessions had been destroyed in the earthquake and her relatives killed, the immigration judge should terminate the proceedings for "humanitarian reasons." The judge declined the request on the ground that he had no authority to grant it. He ordered that the petitioner be deported, and his decision was affirmed by the Board of Immigration Appeals (BIA).

Here, the sole claim is that the immigration judge's holding that he had no statutory or "inherent" power to terminate deportation proceedings for "humanitarian reasons" was erroneous. We affirm.

■ Immigration judges, or special inquiry officers, are creatures of statute, receiving some of their powers and duties directly from Congress, 8 U.S.C. § 1252(b), and some of them by subdelegation from the Attorney General, 8 U.S.C. § 1103. These statutes and the regulations implementing them, see, e. g., 8 C.F.R. §§ 212.2, 212.3, 242.8, and 242.17(a) (1977), contain a detailed and elaborate description of the authority of immigration judges. Nowhere is there any mention of the power of an immigration judge to award the type of discretionary relief that was sought here. Indeed, given the exacting and difficult eligibility requirements established as statutory grounds for discretionary relief, see, e. g., 8 U.S.C. § 1254(a) (seven years continuous residence, good moral character and extreme hardship required for eligibility for adjustment of status to permanent resident alien), the vesting by us of such broad power in an immigration judge would strike an anomalous note.

It is true that an immigration judge "may, in his discretion, *terminate deportation proceedings to permit respondent to proceed to a final hearing on a pending application or petition for naturalization* when the respondent has established prima facie eligibility for naturalization and the case involves exceptionally appealing or humanitarian factors; . . ." 8 C.F.R. § 242.7(a) (1977) (emphasis added). The

petitioner in this case, although expressly given the opportunity to do so, made no such showing and, in fact, conceded that she was not eligible for naturalization at the time of the hearing.

It is also true that the agency's regulations permit the district director and certain other INS officials to terminate deportation proceedings as "improvidently begun" if the proceedings are terminated prior to the initiation of the actual hearing. 8 C.F.R. § 242.7(a) (1977). The BIA has reasoned from this that the immigration judge must consent to such termination once a hearing has been initiated, despite the generally narrow scope of his powers. *Matter of Vizcarra-Delgadillo,* 13 I. & N. Dec. 51 (BIA 1968). There is no hint in that decision, or in any other found by us, that the immigration judge can terminate proceedings on equitable or humanitarian grounds alone. Rather, these decisions plainly hold that the immigration judge is without discretionary authority to terminate deportation proceedings so long as enforcement officials of the INS choose to initiate proceedings against a deportable alien and prosecute those proceedings to a conclusion. The immigration judge is not empowered to review the wisdom of the INS in instituting the proceedings. His powers are sharply limited, usually to the determination of whether grounds for deportation charges are sustained by the requisite evidence or whether there has been abuse by the INS in its exercise of particular discretionary powers. This division between the functions of the immigration judge and those of INS enforcement officials is quite plausible and has been undeviatingly adhered to by the INS. *See Matter of Wong,* 13 I. & N. Dec. 701 (BIA 1968); 1 C. Gordon & H. Rosenfield, *Immigration Law & Procedure,* § 5.7b (Rev'd ed. 1975). *Cf. Matter of Merced,* 14 I. & N. Dec. 644 (BIA 1974), *aff'd,* 514 F.2d 1070 (5th Cir. 1975). We find no valid reason to overturn this well-established principle. *Soriano v. United States,* 494 F.2d 681, 683 (9th Cir. 1974) (long-standing agency interpretations of own rules entitled to great weight).

Nor does it aid petitioner to claim for the immigration judge the mantle of the "inherent" powers of the judiciary. The immigration judge is, as we have said, an officer created solely by statute, not the Constitution, and is an official quite distinct from those judges ordinarily deemed the federal judiciary. *Cf. Ramspeck v. Federal Trial Examiner's Conference,* 345 U.S. 128, 73 S.Ct. 570, 97 L.Ed. 872 (1953); *Watson Bros. Transportation Co. v. Jaffa,* 143 F.2d 340, 346 (9th Cir. 1944); 2 K. Davis, *Administrative Law Treatise,* § 10.06, at 34 (1958). Absent independent powers specifically conferred by statute, *see, e. g.,* 5 U.S.C. § 556(c) (administrative law judges have certain powers over the conduct of proceedings), the immigration judge is completely subordinate to his agency. 2 K. Davis, *supra,* § 10.02, at 7; J. Chamberlain, N. Dowling, & P. Hays, *The Judicial Function in Federal Administrative Agencies* 36 (1940). As previously noted, the statutory powers of the immigration judge nowhere appear to contemplate the type of broad discretionary authority that the petitioner here would have us attribute to him.

The issuance of this court's judgment will be stayed for a period of 45 days so as to allow the petitioner time to arrange for her voluntary departure.

The respondent's order must be, and the same hereby is,

AFFIRMED.