980 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Enrique HERRERA-CASTANEDA, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70251.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 1, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Enrique Herrera-Castaneda, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") decision finding him deportable on the basis of his criminal conviction. Herrera-Castaneda contends that his due process right to a fundamentally fair hearing was violated as a result of the IJ's grant of three continuances to the government. He asserts that the IJ erred by not terminating the proceedings after the government's third request for a continuance. We review de novo the BIA's dismissal of a due process challenge. Arteaga v. INS, 836 F.2d 1227, 1228 (9th Cir.1988). We deny the petition for review.
 
 
 3
 First, as a general rule, the IJ is without statutory authority to terminate a deportation proceeding.[1] Lopez-Telles v. INS, 564 F.2d 1302, 1304 (9th Cir.1977) (immigration judge has no "discretionary authority to terminate deportation proceedings").
 
 
 4
 Second, "[t]he decision to grant or deny a continuance is in the sound discretion of the judge." See De La Cruz v. INS, 951 F.2d at 226, 229 (9th Cir.1991). The IJ may grant a continuance for "good cause." 8 C.F.R. § 3.27. Here the IJ granted three continuances in order to allow the government time to locate Herrera-Castaneda's conviction documents. Although, the IJ may have been somewhat generous in granting the government's requests for extensions, we find no abuse of discretion. See De La Cruz, 951 F.2d at 229. Moreover, even were we to find an abuse of discretion, Herrera-Castaneda has failed to demonstrate that he was prejudiced as a result of the time extensions. See Barraza-Rivera v. INS, 913 F.2d 1443, 1447 (9th Cir.1990) (to prevail on fifth amendment claim, alien must show that violation of due process is prejudicial).
 
 
 5
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The exception to this rule allows the IJ to terminate deportation proceedings "to permit respondent to proceed to a final hearing on a pending application or petition for naturalization ..." Lopez-Telles, 564 F.2d at 1303. This is not the case here