9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wayiha Yanez LAMBARRI; Enrique Lambarri Romero, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70249.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 29, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wayiha Yanez Lambarri and Enrique Lambarri-Romero, natives and citizens of Mexico, petition pro se for review of a Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") decision finding petitioners deportable as charged and denying their request for voluntary departure on the ground that they were statutorily ineligible for such relief. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We review de novo an agency's interpretation of a statute. Braun v. INS, 992 F.2d 1016, 1018 (9th Cir.1993). We review the BIA's factual finding of statutory ineligibility for substantial evidence. Id. We deny the petition for review.
 
 
 3
 On July 13, 1990, the Immigration and Naturalization Service ("INS") issued orders to show cause ("OSC") charging petitioners with being deportable under section 241(a)(5) of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1251(a)(5), because they had been convicted of false registration under section 266(c) of the Act, 8 U.S.C. § 1306(c). Petitioners requested voluntary departure. The IJ found that petitioners were deportable as charged and statutorily ineligible for voluntary departure. The BIA dismissed petitioners' appeal from the denial of voluntary departure, agreeing with the IJ that petitioners were statutorily ineligible for voluntary departure.
 
 
 4
 Section 241(a)(5) of the Act provides in pertinent part:
 
 
 5
 Any alien in the United States ... shall, upon the order of the Attorney General, be deported who--
 
 
 6
 ....
 
 
 7
 (5) ... has been convicted under section 1306(c) of this title.
 
 
 8
 8 U.S.C. § 1251(a)(5). Under section 244(e) of the Act, the Attorney General may, in his or her discretion, grant voluntary departure to any alien under deportation proceedings "other than an alien within the provisions of paragraph ... (5) ... of section 1251(a) of this section." 8 U.S.C. § 1254(e).[1]
 
 
 9
 Here, it is undisputed that petitioners were convicted under section 1306(c) of the Act and therefore were statutorily ineligible for voluntary departure under the plain language of the Act. See 8 U.S.C. §§ 1251(a)(5), 1254(e). Petitioners contend that the equities in their favor nevertheless warrant a discretionary grant of voluntary departure. Specifically, petitioners contend that they cooperated with the INS in its attempt to lure a co-conspirator from Mexico into the United States to try to apprehend him. They contend that they volunteered to help the INS at great risk to themselves and that, in return, the INS promised them "some consideration" in their deportation proceedings. Petitioners request that they be granted voluntary departure or that the charge on which they were convicted be amended to a charge which would allow them to apply for voluntary departure.
 
 
 10
 In support of their request for voluntary departure before the IJ, petitioners submitted numerous letters of recommendation, including two letters from their federal probation officer praising their cooperation with the INS and recommending that they be allowed to immigrate permanently to the United States. In response to the petitioners' request, the IJ advised petitioners to request the INS to amend the charge against the petitioners and substitute a charge that would not preclude voluntary departure. Petitioners did so, but the INS refused to amend the charge. The IJ found that only the INS had the discretionary power to amend the charge. The IJ concluded that, although the equities in favor of petitioners were considerable, the IJ was bound by the Act and petitioners were statutorily ineligible for voluntary departure. The BIA affirmed this finding as a matter of law.
 
 
 11
 We agree with the BIA. Because petitioners are not eligible for voluntary departure under the clear language of the Act, the IJ lacked any discretion or authority to grant petitioners voluntary departure regardless of the equities in their favor. See De La Cruz v. INS, 951 F.2d 226, 228 (9th Cir.1991) (per curiam) (where alien is statutorily ineligible for voluntary departure, the Attorney General has no discretion to allow voluntary departure). Further, the INS had the sole discretionary authority to determine what charges to bring against petitioners and the IJ lacked authority to amend the charge on which they were convicted. See Lopez-Telles v. INS, 564 F.2d 1302, 1304 (9th Cir.1977) (per curiam) (IJ lacks authority to review discretionary enforcement decisions of the INS).
 
 
 12
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sections 241 and 244 of the Act were amended effective March 1, 1991. Because the OSCs in this case were issued prior to the amendments, the references in this disposition are to the Act prior to amendment