**JOO YEON PARK, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**Sung Jun Lee, Petitioner,**

v.

**Alberto R. Gonzales,\* Attorney General, Respondent.**

**Sung Bok Lee, Petitioner,**

v.

**Alberto R. Gonzales,\* Attorney General, Respondent.**

**Nos. 03–74158, 03–74162 and 03–74164.**

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2005.\*\*

Decided June 16, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joo Yeon Park, Spokane, WA, pro se.

Sung Jun Lee, Spokane, WA, pro se.

Sung Bok Lee, Spokane, WA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, OIL, Genevieve Holm, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondents.

Before: THOMPSON, MCKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM ***

Joo Yeon Park and her sons, Sung Bok Lee and Sung Jun Lee, petition for review of an order of the Board of Immigration Appeals affirming the decision of the Immigration Judge finding the petitioners removable and denying voluntary departure. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petitions.

Park contends, on her own behalf and on the behalf of her two sons, that she should not have been placed into removal proceedings because her failure to timely file an application for adjustment of status was not willful, but rather because she was the victim of fraud. The IJ, although sympathetic to Park's unfortunate situation, found that because the Immigration and Naturalization Service had denied Park's application for an adjustment in status, he lacked the authority, equitable or otherwise, to review the INS's decision and to permit her to remain in the United States. We agree. *See* 8 U.S.C. § 1252(g); 8 C.F.R. § 1240.1(a); *see also Barahona–Gomez v. Reno,* 236 F.3d 1115, 1119 (9th Cir.2001) ("[T]he immigration judge is not empowered to review the wisdom of the INS in instituting the proceedings.") (quoting *Lopez–Telles v. INS,* 564 F.2d 1302, 1304 (9th Cir.1977)). We are similarly without authority to order the relief she requests. *Cf. Socop–Gonzalez v. INS,* 208 F.3d 838, 842 n. 4 (9th Cir.2000); *Jaa v. U.S. INS,* 779 F.2d 569, 572 (9th Cir.1986); *Sun Il Yoo v. INS,* 534 F.2d 1325, 1328–29 (9th Cir.1976); *Santiago v. INS,* 526 F.2d 488, 491–92 (9th Cir.1975) (en banc).

Park raises the question whether the IJ erred in denying her request to dismiss the removal proceedings, but presents no theory upon which relief could be granted. This argument is waived because "[a] bare assertion of an issue does not preserve a claim." *D.A.R.E. Am. v. Rolling Stone Magazine,* 270 F.3d 793, 793 (9th Cir.2001) (internal quotation marks omitted).

We do not have jurisdiction to review the IJ's denial of Park's request for voluntary departure. *See* 8 U.S.C. 1229c(f) & 1252(a)(2)(B)(i); *Tovar–Landin v. Ashcroft,* 361 F.3d 1164, 1166 (9th Cir.2004).

**PETITION DENIED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.