# In re W-C-B-, Respondent

*Decided March 19, 2007*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) An Immigration Judge has no authority to reinstate a prior order of deportation or removal pursuant to section 241(a)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(5) (2000).

(2) An alien subject to reinstatement of a prior order of deportation or removal pursuant to section 241(a)(5) of the Act has no right to a hearing before an Immigration Judge.

(3) The Immigration Judge did not err in terminating removal proceedings as improvidently begun where the respondent was subject to reinstatement of his prior order of deportation.

FOR RESPONDENT: Martin Resendez Guajardo, Esquire, San Francisco, California

BEFORE:    Board Panel: OSUNA, Acting Chairman; HURWITZ, Acting Vice Chairman; and HOLMES, Board Member.

HURWITZ, Acting Vice Chairman:

The respondent in this case was deported from the United States following deportation proceedings in 1992. He reentered the United States, and in 2005 removal proceedings were initiated against him. While the proceedings were pending before the Immigration Judge, the Department of Homeland Security ("DHS") lodged an additional charge of removability and moved for reinstatement of the respondent's prior order of deportation pursuant to section 241(a)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(5) (2000). The DHS subsequently moved to terminate proceedings as improvidently begun. In a decision dated June 13, 2006, the Immigration Judge granted the motion and terminated the respondent's removal proceedings without prejudice. The respondent has appealed from that decision. The appeal will be dismissed. The respondent's motion for remand to allow him to apply for relief from removal will be denied.

## I. FACTUAL AND PROCEDURAL HISTORY

On February 5, 1992, the respondent was convicted in the United States District Court, Southern District of California, of the offense of possession of a controlled substance. An Order to Show Cause and Notice of Hearing

(Form I-221) initiated deportation proceedings and charged that the respondent was deportable for having violated a controlled substance law. In a decision dated July 20, 1992, the respondent was ordered deported from the United States to Honduras. The Immigration Judge's decision notes that the respondent was found to be subject to deportation based on his own admissions, that he made no application for relief, and that he waived his right to appeal. On September 21, 1992, the respondent was deported from the United States pursuant to the Immigration Judge's decision.

On May 2, 2005, a Notice to Appear (Form I-862) commenced removal proceedings against the respondent. The Notice to Appear alleges that the respondent entered the United States on or about October 20, 1999, without being admitted or paroled after inspection by an immigration officer, and it charges that he is removable pursuant to section 212(a)(6)(A)(i) of the Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2000). On May 1, 2006, the DHS filed a motion asking the Immigration Judge to reinstate the respondent's prior deportation order pursuant to section 241(a)(5) of the Act. The motion was accompanied by a Form I-261 (Additional Charges of Inadmissibility/Deportability) alleging that the respondent had previously been ordered deported from the United States, and that he was therefore removable pursuant to section 212(a)(9)(C)(i)(II) of the Act, as an alien who had been ordered excluded and who enters or attempts to reenter the United States without being admitted.

At a hearing on June 13, 2006, the Immigration Judge considered the issue of reinstating the respondent's prior deportation order. After the Immigration Judge expressed his opinion that he lacked the authority to grant the DHS's motion to reinstate the prior deportation order, the DHS moved to terminate the respondent's removal proceedings as improvidently begun. The Immigration Judge decided that the DHS had met its burden of establishing that the removal proceedings had been improvidently begun, i.e., that removal proceedings were instituted even though a valid deportation order already existed, and he granted the DHS's motion to terminate proceedings.

## II. ISSUES ON APPEAL

The basic issue in this case is whether an Immigration Judge has the authority to reinstate a prior deportation order. If the Immigration Judge correctly decided that he had no authority to reinstate the prior deportation order, we must then determine whether the respondent's removal proceedings were properly terminated as improvidently begun.

## III. ANALYSIS

Section 241(a)(5) of the Act provides as follows:

> Reinstatement of removal orders against aliens illegally reentering
>
> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this Act, and the alien shall be removed under the prior order at any time after the reentry.[1]

The language of the statute does not clearly set forth who is authorized to reinstate the prior deportation order. However, the regulation implementing the statute mandates that an "immigration officer shall determine" whether an alien is subject to having his prior deportation order reinstated.[2] 8 C.F.R. § 1241.8(a) (2006). The language of the regulation explicitly states that "[t]he alien has no right to a hearing before an immigration judge in such circumstances." *Id.* Therefore, we conclude that the Immigration Judge correctly decided that he had no authority to reinstate the respondent's prior deportation order.

The respondent argues that the procedures established by the Attorney General for reinstating a prior deportation order are invalid because they do not provide the right to a hearing before an Immigration Judge, as required by section 240(a) of the Act, 8 U.S.C. § 1229a(a) (2000). This argument was squarely addressed and rejected by the United States Court of Appeals for the Ninth Circuit in *Morales-Izquierdo v. Gonzales*, 477 F.3d 691, 697, 705 (9th Cir. 2007) (en banc), where the court concluded that the regulation permitting reinstatement of a prior order of removal without a hearing before an Immigration Judge is not inconsistent with section 241(a)(5) of the Act. In reaching this conclusion, the court noted that the removal and reinstatement provisions are in different sections of the Immigration and Nationality Act, thereby indicating congressional intention to treat reinstatement determinations differently from first-instance determinations of removability. *Id.* at 696-97.

---

[1]  We note that section 241(a)(5) of the Act has been recognized as encompassing deportation and exclusion orders, as well as removal orders. *Warner v. Ashcroft*, 381 F.3d 534, 537-38 (6th Cir. 2004).

[2]  The Act defines "immigration officer" as "any employee or class of employees of the Service or the United States designated by the Attorney General, individually or by regulation, to perform the functions of an immigration officer specified by this Act or any section thereof." Section 101(a)(18) of the Act, 8 U.S.C. § 1101(a)(18) (2000).

Moreover, the court noted that section 241(a)(5) of the Act makes no mention of a hearing before an Immigration Judge, or any other procedure. Instead, most of the section is devoted to limiting the alien's rights and ensuring that removal is carried out expeditiously. *Id.* at 696. The court pointed out that removal proceedings under section 240 of the Act involve a broad inquiry where the Immigration Judge must determine (1) whether the individual is removable from the United States and, if so, (2) whether the individual is otherwise eligible for relief from removal. *Id.* at 697. Because these determinations can be complex, the statutory scheme in place requires a formal hearing before an Immigration Judge. In sharp contrast, the scope of a reinstatement inquiry under section 241(a)(5) of the Act is much narrower and can be performed like any other ministerial enforcement action. According to the court, "The *only* question is whether the alien has illegally reentered after having left the country while subject to a removal order." *Id.* Considering these factors, the court concluded that "a previously removed alien who reenters the country illegally is not entitled to a hearing before an immigration judge to determine whether to reinstate a prior removal order." *Id.* at 705.

Other courts of appeals have reached the same conclusion. For example, the Eleventh Circuit determined the following:

> [Sections] 1229a(a) and 1231(a)(5) "pertain to different proceedings and orders, by different officials, with different opportunities to apply for relief, reopening, and review." Section 1229a(a) indisputably requires an immigration judge to conduct hearings to determine whether aliens are removable in the first instance. Thus, all aliens who illegally reenter the United States have already received a hearing before an immigration judge under § 1229a(a). Rather than expressly providing these aliens a time-consuming hearing each and every time they illegally reenter, Congress empowered the Attorney General to swiftly reinstate an illegal reentrant's existing removal order under § 1231(a)(5). In turn, the Attorney General assigned this ministerial task to immigration officers . . . .
>
>    . . . .
>
>    . . . [W]e hold the Attorney General did not overstep his authority in promulgating 8 C.F.R. § 241.8, and illegal reentrants, like Petitioner, are not entitled to a hearing before an immigration judge.

*De Sandoval v. U.S. Att'y Gen.*, 440 F.3d 1276, 1281-83 (11th Cir. 2006).[3]

We agree with the rationale set forth in the decisions described above. The respondent already received the requisite hearing before an Immigration Judge to determine the issue of deportability in 1992. When a previously deported

---

[3] We note that the quoted text from *De Sandoval v. U.S. Att'y Gen.*, *supra*, cites to 8 C.F.R. § 241.8, whereas our discussion refers to 8 C.F.R. § 1241.8. Both regulations provide the same standards for reinstatement of removal orders, but § 241.8 applies to the DHS, while § 1241.8 applies to the Executive Office for Immigration Review.

alien makes a subsequent illegal reentry, a second hearing before an Immigration Judge is not required by the statute, and the procedures outlined in section 241(a)(5) of the Act and its implementing regulations are controlling. We therefore reject the respondent's argument that he has the right to a hearing before an Immigration Judge. *See also Ochoa-Carrillo v. Gonzales*, 437 F.3d 842, 845 (8th Cir. 2006) (validating as consistent with section 241(a)(5) of the Act the regulation permitting reinstatement of a prior order of removal through a DHS officer, without a hearing before an Immigration Judge); *Lattab v. Ashcroft*, 384 F.3d 8, 17-20 (1st Cir. 2004) (finding that the regulation permitting reinstatement of a prior removal order without a hearing before an Immigration Judge is not inconsistent with section 241(a)(5) of the Act); *Matter of G-N-C-*, 22 I&N Dec. 281, 287 (BIA 1998) (noting that the Immigration Judges and the Board have no authority to review challenges to a reinstated deportation order).

Having concluded that the Immigration Judge did not err in finding that he lacked the authority to reinstate the respondent's prior deportation order, we must now decide whether he erred in terminating the respondent's removal proceedings. The regulations allow the appropriate officials to cancel a Notice to Appear, prior to the time jurisdiction vests with the Immigration Judge, on the basis that it was improvidently issued. *See* 8 C.F.R. § 239.2(a)(6) (2006). However, once jurisdiction vests with the Immigration Judge, the Notice to Appear cannot be cancelled. Instead, if there is a valid reason specified in the regulations for cancelling the Notice to Appear, the DHS may move for dismissal of the matter, i.e., request termination of the removal proceedings. *See* 8 C.F.R. § 239.2(c); *see also Matter of G-N-C-*, *supra*, at 284. In this case, a valid regulatory reason existed for cancelling the Notice to Appear, i.e., it was improvidently issued because removal proceedings were not necessary to remove the respondent from the United States since he could have been removed by reinstatement of his prior deportation order. Therefore, we conclude that the Immigration Judge did not err when he granted the DHS's motion to terminate the respondent's removal proceedings. *See Matter of Vizcarra-Delgadillo*, 13 I&N Dec. 51 (BIA 1968) (finding that deportation proceedings may be terminated as "improvidently begun").

The respondent argues that his former deportation order cannot be reinstated because the Government did not meet its burden of proving that he was deported and reentered the United States. However, our decision is limited to determining that the Immigration Judge did not err in finding that he lacked authority to reinstate the respondent's deportation order and in terminating the respondent's removal proceedings. Whether or not the criteria for reinstating the prior order have been met is for the immigration officer, not the Immigration Judge or the Board, to decide. Therefore, we need not address the merits of the respondent's arguments on this point. Likewise,

other than noting that the respondent waived his right to appeal his 1992 deportation order, we need not address his arguments attacking the validity of that order, because the only issues before us are the Immigration Judge's authority to reinstate the prior deportation order and his decision to terminate the respondent's removal proceedings.

Finally, we note that the respondent has asked us to remand his case to the Immigration Judge to permit him to apply for asylum and withholding of removal. Although the statute states that an alien whose former deportation order has been reinstated is not eligible, and therefore may not apply, for any relief from removal under the Act, the regulations provide a specific exception that allows an alien in the respondent's position to seek relief. Specifically, 8 C.F.R. § 1241.8(e) provides the following:

> *Exception for withholding of removal.* If an alien whose prior order of removal has been reinstated under this section expresses a fear of returning to the country designated in that order, the alien shall be immediately referred to an asylum officer for an interview to determine whether the alien has a reasonable fear of persecution or torture pursuant to § 1208.31 of this chapter.

Thus the regulations provide a procedure for any alien who, like the respondent, claims a fear of returning to his country to apply for withholding of removal. Because this procedure is available, we will deny the respondent's motion to remand.

## IV.  CONCLUSION

We conclude that there is no statutory or regulatory authority that allows an Immigration Judge to reinstate a prior order of deportation pursuant to section 241(a)(5) of the Act. Moreover, we find no error in the Immigration Judge's decision to terminate the respondent's removal proceedings as improvidently begun. Accordingly, the respondent's appeal will be dismissed. Finally, because the regulations provide a mechanism for someone in the respondent's position to apply for withholding of removal, his motion to remand will be denied.

**ORDER:**  The appeal is dismissed.

**FURTHER ORDER:**  The respondent's motion to remand is denied.