FILED
United States Court of Appeals
Tenth Circuit

April 23, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LUIS MANUEL MONTIEL-HERNANDEZ,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 14-9523
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

Luis Manuel Montiel-Hernandez, a native and citizen of Mexico, was charged

as a removable alien unlawfully present in the United States. *See* 8 U.S.C.

§ 1182(a)(6)(A)(i). He conceded the charge, but at a hearing before an immigration

judge (IJ), he requested a continuance to see if the Department of Homeland Security

(DHS) would favorably exercise its prosecutorial discretion to terminate his removal

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

proceedings. The IJ granted the continuance, but when the parties reconvened, DHS indicated it had decided not to terminate the case. Montiel-Hernandez declined to seek any relief from removal or voluntary departure, and thus the IJ summarily ordered him removed to Mexico.

He appealed to the Board of Immigration Appeals (BIA), raising two arguments. He first claimed the IJ refused to exercise jurisdiction over DHS's decision not to terminate his case, thereby violating his due process rights. The BIA rejected this claim, observing that Montiel-Hernandez did not seek to administratively terminate his case or have the IJ review DHS's refusal to do so; he simply requested a continuance to wait for DHS's decision. *See* Admin. R. at 76-77. The BIA emphasized, however, that the IJ lacked jurisdiction to review DHS's decision not to terminate his removal proceedings, which was solely within the prosecutorial discretion of DHS. He also claimed he was forced to waive voluntary departure, but the BIA rejected that argument as well, because, as the record clearly indicated, he did not seek voluntary departure. The BIA dismissed the appeal.

Montiel-Hernandez insists his due process rights were violated because DHS refused to terminate his case and the agency refused to review that decision. He also claims to have been forced to waive voluntary departure in order to preserve his appeal rights. That is because, under the governing regulation, he was required to abandon all appellate issues as a condition of seeking voluntary departure. *See* Pet'r Br. at 24 (discussing 8 C.F.R. § 1240.26(b)(1)(i)).

We will not consider Montiel-Hernandez's voluntary departure argument because he did not raise it before the IJ. *See Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1022-23 (10th Cir. 2007) (upholding BIA's waiver rule where alien failed to raise argument before the IJ). Indeed, as the BIA observed, he did not even request voluntary departure. In fact, he affirmatively declined it when the IJ asked if "he [was] interested in voluntary departure," stating, "No, Your Honor. Not at this time." Admin. R. at 81.[1] Moreover, he never claimed he was being forced to choose between his appeal rights and voluntary departure, nor did he cite any regulation requiring that he waive his appellate issues. Instead, he simply elected to forgo voluntary departure, just as he elected not to seek relief from removal, relying instead on DHS's prosecutorial discretion to close his case. As a consequence, the BIA did not rule on the voluntary departure argument. Nor will we. *See Torres de la Cruz*, 483 F.3d at 1023.

He also contends the agency should have exercised jurisdiction over DHS's decision not to terminate his case. But he never asked the IJ to review that decision. It would have been futile in any event. The BIA has here correctly emphasized "the decision to exercise prosecutorial discretion remains within the sole discretion of the DHS, and therefore, the [IJ] does not have jurisdiction to review the DHS's decisions on this matter." Admin. R. at 3. We review this legal conclusion de novo, *Dallakoti*

---

[1] Montiel-Hernandez had conditionally requested voluntary departure at his previous hearing if DHS denied prosecutorial discretion, *see* Admin. R. at 76, but he changed course at his final removal hearing.

*v. Holder*, 619 F.3d 1264, 1267 (10th Cir. 2010), and agree the agency lacked jurisdiction to review DHS's decision, *see Cortez-Felipe v. INS*, 245 F.3d 1054, 1057 (9th Cir. 2001) (holding that IJ and BIA lack jurisdiction to review discretionary decisions regarding when and whether to initiate removal proceedings (citing *Barahona-Gomez v. Reno*, 236 F.3d 1115, 1119-20 (9th Cir. 2001))).  Indeed, "[t]he immigration judge is not empowered to review the wisdom of [DHS] in instituting the proceedings."  *Lopez-Telles v. INS*, 564 F.2d 1302, 1304 (9th Cir. 1977) (per curiam); *see also Matter of Quintero*, 18 I. & N. Dec. 348, 350 (BIA 1982) ("Once deportation proceedings have been initiated by the District Director, the immigration judge may not review the wisdom of the District Director's action, but must execute his duty to determine whether the deportation charge is sustained by the requisite evidence in an expeditious manner.").  This is because DHS, as the federal agency charged with enforcing the immigration laws, has the sole authority to exercise prosecutorial discretion in immigration cases.  *See* 8 U.S.C. § 1103(a).  Because the IJ and BIA had no authority to review DHS's discretionary prosecutorial decision to keep this case in removal proceedings, the BIA correctly rejected this argument.[2]

---

[2]     To the extent Montiel-Hernandez contends DHS abused its discretion in declining to terminate his removal proceedings, we lack jurisdiction to review this claim.  *See* 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."); *see also Reno v. American-Arab*

(continued)

- 4 -

The petition for review is denied.

Entered for the Court


Terrence L. O'Brien
Circuit Judge

---

*Anti-Discrimination Comm.*, 525 U.S. 471, 485 n.9 (1999) ("Section 1252(g) was directed against a particular evil:  attempts to impose judicial constraints upon prosecutorial discretion."); *Luevano v. Holder*, 660 F.3d 1207, 1210 n.2 (10th Cir. 2011) (noting that court lacked jurisdiction to review discretionary decision to bring removal proceedings against alien).  Although § 1252(g) refers to the Attorney General, it has been applied to the Secretary of DHS.  *See Ali v. Mukasey*, 524 F.3d 145, 150 & n.5 (2d Cir. 2008).