NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DILDAR S. THIND, AKA Dibaigh Singh, AKA Didar Singh,<br><br>    Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>    Respondent. | No.    15-72457<br><br>Agency No. A075-304-103<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016**

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Dildar S. Thind, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") order denying his motion to reopen and terminate

removal proceedings conducted in absentia in San Francisco, California.  Our

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion and review de novo questions of law. *Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

The agency did not err or abuse its discretion in denying Thind's motion to reopen on the ground that res judicata was not applicable, where there was no final judgment in Thind's removal proceedings conducted in New York or Texas when the Notice to Appear ("NTA") commenced proceedings in California, and where the government could not have brought the charges in the NTA against Thind in his other proceedings because those proceedings were brought under separate names and Alien Registration Numbers. *See Valencia-Alvarez v. Gonzales*, 469 F.3d 1319, 1323-24 (9th Cir. 2006) ("The criteria for the application of res judicata . . . are that there be a *final* judgment, rendered *on the merits in a separate action.*" (emphasis in original)); *Abdisalan v. Holder*, 774 F.3d 517, 523 (9th Cir. 2014) (IJ's removal order becomes a final order upon the BIA affirming the order, or when the time to appeal the order to the BIA expires); *Bravo-Pedroza v. Gonzales*, 475 F.3d 1358, 1359 (9th Cir. 2007) ("Res judicata bars the government from bringing a second case based on evidence . . . that it could have presented in the

first case.").

To the extent we have jurisdiction to consider Thind's contention that the NTA was improvidently issued, *see* 8 U.S.C. § 1252(g), the agency did not err or abuse its discretion in denying the motion to reopen based on this contention, where Thind failed to point to authority that would allow an alien to unilaterally move to terminate proceedings based on an improvidently issued NTA. *Cf. Matter of W-C-B-,* 24 I. & N. Dec. 118 (BIA 2007) (motion to terminate properly granted where the government moved to terminate based on proceedings improvidently begun because alien was subject to reinstatement of a prior order).

The BIA also did not abuse its discretion in denying the motion to reopen based on lack of notice, where the BIA would deny the termination relief he ultimately sought. *See INS v. Abudu*, 485 U.S. 94, 104 (1988).

We lack jurisdiction to consider Thind's unexhausted contentions regarding prosecutorial discretion and ineffective assistance of counsel, and his contentions regarding the agency's exercise of its sua sponte reopening authority. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (court lacks jurisdiction to review legal claims not presented to the BIA); *Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011) (this court lacks jurisdiction to review the BIA's decision

3                                                                          15-72457

not to reopen sua sponte); *cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**