# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 15, 2022

Lyle W. Cayce
Clerk

No. 20-60356

GLADIS MARLENE FUENTES-DE CHICA, ALSO KNOWN AS
GLADIS MARLENE FUENTES-SALMERON; MAYRELI MICHELLE
FUENTES,

*Petitioners*,

*versus*

MERRICK GARLAND, U.S. ATTORNEY GENERAL,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A089 286 637 & A208 894 375

Before BARKSDALE, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Gladis Marlene Fuentes-De Chica ("Gladis") and Mayreli Michelle Fuentes ("Mayreli") petition this court for review of orders by the Board of Immigration Appeals ("BIA") dismissing their appeals from the denial by

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60356

the Immigration Judge ("IJ") of Gladis's application for withholding of removal and Mayreli's application for asylum and withholding of removal. For the following reasons, the petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.

## I. Facts & Procedural Background

Gladis is a native and citizen of El Salvador who entered the United States without inspection on February 5, 2008. The Department of Homeland Security ("DHS") issued an expedited removal order and removed Gladis to El Salvador on March 6, 2008. She illegally reentered the United States on February 27, 2016, and on February 28, 2016, the DHS reinstated its original removal order. Gladis did not contest the determination and filed an application for withholding of removal based upon a fear of persecution if she returned to El Salvador.[1] Gladis brought her minor daughter, Mayreli, to the United States. The DHS served Mayreli with a Notice to Appear ("NTA") and initiated removal proceedings charging her as being removable for not possessing valid immigration documents at the time of her entry in violation of 8 U.S.C. § 1182(a)(7)(A)(i)(I). On behalf of Mayreli, Gladis admitted the factual allegations set forth in the NTA and subsequently filed an application for asylum and withholding of removal based upon fear of persecution.

At the removal hearing, Gladis testified that she left El Salvador due to an abusive relationship with her husband, Jose Arnaldo Chica ("Chica"), and that she feared returning there because he could harm her again. She explained that she was 14 years old, and he was 50 years old, when their relationship began and that the abuse started when she moved in with him

---

[1] Gladis was ineligible to apply for asylum relief due to the reinstatement of her prior order of removal. *See Matter of W-C-B-*, 24 I. & N. Dec. 118, 123 (B.I.A. 2007).

three years later. Gladis gave birth to two of her four children in 2002 and 2006 and the two married in 2009. Gladis testified that the abuse continued but that she did not report it to authorities.

Gladis left Chica in 2012 after he allegedly beat her with a gun and brandished a machete. Chica then located Gladis at her mother's house and she returned home with him because he threatened to take away their children. Later that year, Gladis again left Chica while he was away on a trip. Although Chica demanded that she return, Gladis refused and moved to a different town. In 2013, Gladis gave birth to Mayreli during a relationship with another man but she did not file for a divorce from Chica because the process was expensive.

After their separation, Gladis filed a police report alleging that Chica had raped his other daughter, whom he had from a relationship with a different woman. The police arrested him, and he appeared at two court hearings but fled prior to his sentencing. Gladis testified that she fears returning to El Salvador because Chica could locate her, and the police would be unable to protect her in light of the other ongoing violence in the country. During cross-examination, Gladis testified that Chica telephoned her two to three times a month but did not physically abuse her between the time of their separation in 2012 and her departure from El Salvador in 2016. She also conceded that he never physically harmed Mayreli.

In her oral decision, the IJ denied Gladis's application for withholding of removal and Mayreli's application for asylum and withholding of removal. The IJ explained that Gladis was generally a credible witness but had not met her burden of demonstrating past persecution or a clear probability of future persecution on account of a protected ground. The IJ also determined that Mayreli had not demonstrated that she suffered any harm in El Salvador or a threat of future harm.

The IJ acknowledged that Gladis's proposed particular social group, "Salvadoran married women unable to leave their relationship," was cognizable pursuant to *Matter of A-R-C-G-*, 26 I. & N. Dec. 388 (B.I.A. 2014) ("*A-R-C-G*"), but that she did not qualify for withholding of removal because, unlike the applicant in that case, Gladis left her relationship on numerous occasions.  The IJ also noted that Gladis left Chica in 2012 and that she entered into a relationship with another man after that separation without significant repercussions outside of harassing telephone calls. The IJ concluded that there was insufficient evidence that Gladis suffered past persecution and that she had not demonstrated that Salvadoran authorities would be unable and unwilling to provide protection given that she did not file a police report against Chica during their marriage or subsequent separation.

The BIA affirmed the IJ's denial of Gladis's application for withholding of removal and dismissed her appeal. It ruled that based upon the Attorney General's opinion in *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018) ("*A-B-*"), which overruled *A-R-C-G-*, Gladis's proposed particular social group was not cognizable. It explained that the proposed social group was circularly defined and lacked social distinction and particularity. The BIA also pointed out that Gladis failed to address the impact of *A-B-* on her case despite the opinion having been issued nearly one year prior to the submission of her appellate brief. Alternatively, the BIA agreed with the IJ that, even if her proposed particular social group was cognizable, Gladis had not established membership in the group given her ability to leave the relationship and move to another town where she lived safely for four years without a physical encounter with Chica. The BIA emphasized that this departure resulted in a "fundamental change in circumstances" such that Gladis could not establish a future threat of harm.

In a separate opinion, the BIA affirmed the IJ's denial of Mayreli's application for asylum and withholding of removal and dismissed her appeal.

The BIA explained that she did not suffer harm rising to the level of past persecution and held that the evidence did not establish a well-founded or clear probability of future persecution on account of a protected ground. Gladis and Mayreli jointly filed a timely petition for review.

## II. Standard of Review

We review the decision of the BIA and will consider the IJ's decision only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). We review questions of law de novo and factual findings for substantial evidence. *Id.* Under the substantial evidence standard, "[t]he alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

## III. Discussion

To obtain withholding of removal, an applicant must show that her "life or freedom would be threatened in [her home country] because of [inter alia] . . . membership in a particular social group." *Martinez Manzanares v. Barr*, 925 F.3d 222, 226 (5th Cir. 2019) (internal quotation marks and citation omitted). Although the phrase "particular social group" has long been described as "ambiguous and difficult to define," *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 230 (B.I.A. 2014) ("*M-E-V-G-*"), a particular social group must be made up of members who share a common immutable characteristic, be defined with particularity, and be distinct from other persons within society. *See id.* at 230-33; *Pena Oseguera v. Barr*, 936 F.3d 249, 251 (5th Cir. 2019).

Although Petitioners raise eighteen assignments of error challenging the BIA's decision affirming the IJ's denial of their applications for asylum and withholding of removal, they have failed to brief most of those arguments and have therefore abandoned them on appeal. *See Nastase v. Barr*, 964 F.3d 313, 318 n.2 (5th Cir.), *cert. denied*, 141 S. Ct. 877 (2020). Moreover,

No. 20-60356

Petitioners' arguments related to the BIA's application of *A-B-* are unexhausted because they did not challenge the BIA's application of that case in a motion to reopen or for reconsideration.[2] We therefore lack jurisdiction to review these arguments. *See Vazquez v. Sessions*, 885 F.3d 862, 868 (5th Cir. 2018).

The Government urges that any attempt by Gladis "to argue that her particular social group meets the necessary requirements" for withholding of removal is not properly before this court because she did not exhaust this argument before the BIA. However, because the record indicates that she does appear to (somewhat inartfully) raise this claim in her BIA brief, we address it here and conclude that it is without merit. We held in *Gonzales-Veliz v. Barr* that, to be cognizable, a proposed "particular social group must exist independently of the harm asserted." 938 F.3d 219, 230 (5th Cir. 2019) (internal quotation marks and citation omitted). The BIA, relying on our decision in that case determined that the proposed particular social group of "Salvadoran married women unable to leave their relationship" was not cognizable because it was defined by the harm asserted and lacked particularity and social distinction. Very recently, we held that "*Gonzales-Veliz* remains the law of this circuit" and that holding remains undisturbed. *Jaco v. Garland*, 24 F.4th 395, 403 (5th Cir. 2021). For these reasons, we conclude that the BIA did not err in its analysis of this issue. *See Gonzales-Veliz*, 938 F.3d at 232; *M-E-V-G-*, 26 I. & N. Dec. at 236 n.11.

Because Gladis has not established membership in a cognizable particular social group, she cannot satisfy the requirements for withholding of removal and this court need not address her remaining arguments. *See*

---

[2] Petitioners had the opportunity to raise these claims because *A-B-* was issued approximately one year prior to the submission of their BIA brief.

No. 20-60356

*Martinez Manzanares*, 925 F.3d at 226. Likewise, Petitioners fail to brief the several assignments of error they raise challenging the BIA's decision affirming the IJ's denial of Mayreli's application for asylum and withholding of removal. They therefore have abandoned any challenge to the BIA's decision on those issues. *See Nastase*, 964 F.3d at 318 n.2.

## IV. Conclusion

For the forgoing reasons, the petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.