**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 8 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JUAN FERNANDO NORIEGA
ARAMILLO,

Petitioner,

v.

STEVEN BRANCH, Officer in
Charge; SCOTT WEBER, District
Director, BICE; NANCY
ALCANTAR, "FOD"; CHARLES
DEMORE, "SAIC"; JOHN
ASHCROFT; and TOM RIDGE,

Respondents.

No. 03-9612

(INS No. A78 904 760)

(Petition for Review)

## ORDER AND JUDGMENT   *

Before **TACHA,** Chief Judge , **BRISCOE** and **HARTZ** , Circuit Judges.

Petitioner Juan Fernando Noriega Aramillo appeals the decision of the

Bureau of Immigration and Customs Enforcement (BICE) reinstating a previous

---

*After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

order removing him from the United States. See 8 U.S.C. § 1231(a)(5).

Petitioner asserts that the statute authorizing BICE to reinstate the previous order

is unconstitutionally retroactive as applied to him. He further asserts that he is

eligible to seek an adjustment of status under the LIFE Act. See 8 U.S.C.

§ 1255(i). We have jurisdiction to review the reinstatement order under 8 U.S.C.

§ 1252(a), and affirm.

## I.   BACKGROUND

Petitioner is a native and citizen of Mexico. He illegally entered the

United States in 1993 and again on April 19, 1998. While attempting to gain

entry in 1998, Petitioner falsely represented that he was a United States citizen.

The Immigration and Naturalization Service (INS)[1] issued an Order of Removal,

and Petitioner was removed to Mexico. Later that year Petitioner illegally

reentered the United States. Shortly thereafter, on August 30, 1998, he married

Rocio Ruiz, a United States citizen, and then sought adjustment of status under 8

U.S.C. § 1255, based on his marriage.

In October 2003 Petitioner appeared at the Salt Lake City office of the

Bureau of Citizenship and Immigration Services for an interview regarding his

---

[1]On March 1, 2003, the INS ceased to exist as an agency within the Department of Justice. Its enforcement functions were transferred to the Department of Homeland Security. See Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002).

application for adjustment of status. He was arrested because he had been previously deported from the United States on several occasions. On November 10, 2003, BICE reinstated Petitioner's 1998 removal order under 8 U.S.C. § 1231(a)(5). On November 12, 2003, Petitioner filed an application for a writ of habeas corpus in the United States District Court for the District of Utah. The district court transferred the matter to this court under 28 U.S.C. § 1631. We subsequently issued an Order construing the habeas application as a petition for review.

## II.    DISCUSSION

Petitioner asserts that the reinstatement provision, 8 U.S.C. § 1231(a)(5), has improperly been applied retroactively against him. It states:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed . . ., the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5). The provision was enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009, on September 30, 1996, and became effective on April 1, 1997.

We see no retroactive effect of the statute because the relevant event—reentry after having been removed—occurred after the statute's April 1,

-3-

1997, effective date. Petitioner attempted to enter the United States in 1998 and was removed; he illegally reentered and got married later that year. Petitioner overlooks these events and seems to base his retroactivity argument on his 1993 illegal entry. To be sure, if Petitioner's most recent entry into the country had predated IIRIRA, there would be a retroactivity issue. Compare Arevalo v. Ashcroft, 344 F.3d 1, 15 (1st Cir. 2003) (§ 1231(a)(5) not applicable to alien who reentered before IIRIRA effective date), Bejjani v. INS, 271 F.3d 670, 684-87 (6th Cir. 2001) (same), and Castro-Cortez v. INS, 239 F.3d 1037, 1051-52 (9th Cir. 2001) (same), with Velasquez-Gabriel v. Crocetti, 263 F.3d 102, 106-09 (4th Cir. 2001) (§ 1231(a)(5) applies to alien who reentered before IIRIRA effective date), and Ojeda-Terrazas v. Ashcroft, 290 F.3d 292, 299-302 (5th Cir. 2002) (same). But here, the relevant unlawful reentry occurred in 1998, after the statute's effective date. See Avila-Macias v. Ashcroft, 328 F.3d 108, 114 (3d Cir. 2003) ("[a]pplying IIRIRA to [the petitioner] . . . does not have an impermissible retroactive effect because the consequences of an illegal reentry at the time that he reentered are the consequences he faces now"); Warner v. Ashcroft, 378 F.3d 526, 530-31 (6th Cir. 2004) (because the petitioner reentered the United States after IIRIRA's effective date, there was "no pre-enactment conduct sufficient to constitute a basis for a retroactivity claim," and the petitioner "was on notice of the consequences of his illegal reentry before he chose to illegally reenter the

-4-

United States"); <u>Lopez v. Heinauer</u>, 332 F.3d 507, 512 (8th Cir. 2003) ("[t]here can be no retroactive effect from applying IIRIRA's reinstatement procedures . . . where the statute was in effect at the time of [the] illegal reentry"); <u>Perez-Gonzales v. Ashcroft</u>, 379 F.3d 783, 787 (9th Cir. 2004) (following <u>Avila-Macias</u>).  We therefore reject Petitioner's claim that the reinstatement provision has been retroactively applied.

Petitioner also asserts that he is eligible for an adjustment of status under the LIFE Act, 8 U.S.C. § 1255(i).  The LIFE Act, however, requires that applicants be "admissible to the United States for permanent residence."  8 U.S.C. § 1255(i)(2)(A).  Petitioner is inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii) because he previously sought admission by falsely representing himself to be a United States citizen.  <u>See</u> <u>Padilla v. Ashcroft</u>, 334 F.3d 921, 925-26 (9th Cir. 2003).  Petitioner has not pointed to any legal basis for a waiver of such ineligibility.  Thus, we conclude that Petitioner is ineligible for adjustment of status under the LIFE Act.

## III.   CONCLUSION

The petition for review is DENIED.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge