**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 20 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOSE ANTONIO MACIEL-CORTEZ,

Petitioner,

v.

JOHN ASHCROFT, Attorney General,

Respondent.

No. 04-9502
(No. A78-906-699)
(Petition for Review)

**ORDER AND JUDGMENT** *

Before **EBEL** , **BALDOCK** , and **KELLY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Petitioner Jose Antonio Maciel-Cortez, a native and citizen of Mexico,
seeks review of an order of the Bureau of Immigration and Customs Enforcement

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(BICE) reinstating a prior order for his removal. We conclude that petitioner's legal and constitutional challenges to the reinstatement order lack merit and, accordingly, deny his petition for review. [1]

On January 5, 2000, petitioner entered this country at an inspection point and applied for admission claiming to be a U.S. citizen. When pressed for proof, he admitted that this claim was false. He gave a statement indicating that he had resided in this country without authorization for five years, had married a U.S. citizen in December 1997, and was just returning from a visit to his parents in Mexico when he was detained at the inspection point. He was found inadmissible on account of his false representation of citizenship, 8 U.S.C. § 1182(a)(6)(C)(ii), leading to issuance of an expedited order of removal under 8 U.S.C. § 1225(b)(1) and his deportation all on the same day.

Just nine days later, on January 14, 2000, petitioner illegally reentered the country without inspection. In March 2002, he applied to adjust his status to that of a permanent resident under 8 U.S.C. § 1255(i) based on the U.S. citizenship of his wife. When it came to light that he had been removed shortly before his latest entry into the country, he was arrested and detained pending reinstatement of the

---

[1] Petitioner initially challenged the reinstatement order by filing a habeas petition in district court. Recognizing that the proper avenue for review was, rather, by way of petition for review, the district court appropriately transferred the matter to this court. *See Berrum-Garcia v. Comfort*, 390 F.3d 1158, 1162-63 (10th Cir. 2004).

prior order of removal pursuant to 8 U.S.C. § 1231(a)(5). Petitioner declined to make any statement contesting the reinstatement, which has since culminated in his removal to Mexico.

Instead, he brought the habeas proceeding underlying the instant petition for review. The petition does not challenge the basis for the reinstatement order. Rather, its focus is on the use of the reinstatement process to deny petitioner an opportunity to seek an adjustment of status. Under § 1231(a)(5), following the reinstatement of a removal order, "the alien is not eligible and may not apply for any relief under this chapter." As this court recently explained, the § 1231(a)(5) bar is sweeping, precluding relief under any provision of the Immigration and Nationality Act "regardless of whether [the] applications for relief were filed before or after the reinstatement decision is made." *Berrum-Garcia v. Comfort*, 390 F.3d 1158, 1163 (10 th Cir. 2004). Petitioner contends the reinstatement of his removal order and consequent nullification of his application for adjustment of status was an incorrect application of § 1231(a)(5), involved an improperly retroactive use of the statute, and violated his due process rights.

The first contention, that the BICE misapplied § 1231(a)(5) by reinstating a the removal order and thereby preempting a pending application for adjustment of status, is foreclosed by recent precedent. In *Berrum-Garcia*, we held that § 1231(a)(5) bars an illegally reentering alien from adjusting his status, even if

the alien applies for the adjustment before reinstatement of the removal order. *Berrum-Garcia*, 390 F.3d at 1163-64. Petitioner's associated argument that joining a "Form I-212" request for waiver of inadmissibility under 8 C.F.R. § 212.2 to the application for adjustment of status defuses the § 1231(a)(5) bar was also rejected in that case. *See Berrum-Garcia*, 390 F.3d at 1164-65.

Petitioner's retroactivity objection founders on chronology. Section 1231(a)(5) was enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009, and became effective April 1, 1997. *Fernandez-Vargas v. Ashcroft*, No. 03-9610, 2005 WL 61485, at *1 n.3 (10 th Cir. Jan. 12, 2005) (citing IIRIRA § 309(a)). Its application to petitioner raises no retroactivity problem for at least two reasons. First of all, the triggering event for § 1231(a)(5) – petitioner's illegal reentry in January 2000 – occurred after the statute became effective and, thus, there is no retroactive effect involved. *See, e.g.*, *Warner v. Ashcroft*, 381 F.3d 5534, 538 (6th Cir. 2004); *Perez-Gonzalez v. Ashcroft*, 379 F.3d 783, 787 (9 th Cir. 2004); *Lopez v. Heinauer*, 332 F.3d 507, 512 (8 th Cir. 2003); *Avila-Macias v. Ashcroft*, 328 F.3d 108, 114 (3d Cir. 2003). Second, even if he had reentered earlier, the fact that he did not marry and file for adjustment of status until after the statute's effective date would vitiate his retroactivity objection. *See Fernandez-Vargas*, 2005 WL 61485, at *8.

Given that § 1231(a)(5) was correctly applied and raised no retroactivity problems, petitioner's constitutional objection is reduced to the claim that his loss of potential I-212 waiver and § 1255(i) adjustment-of-status benefits through the proper reinstatement of a removal order denied him due process of law.  This argument is also foreclosed by recent precedent.    *See Berrum-Garcia*, 390 F.3d at 1165- 68.

The petition for review is DENIED.  The mandate shall issue forthwith.


Entered for the Court


Bobby R. Baldock
Circuit Judge