NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0329n.06

No. 10-3144

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

May 18, 2011

LEONARD GREEN, Clerk

YAN CHEN,

    Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

    Respondent.

ON PETITION FOR REVIEW OF
AN ORDER OF THE BOARD OF
IMMIGRATION APPEALS

_____/

Before:      MARTIN and SUTTON, Circuit Judges; GRAHAM, District Judge.[*]

BOYCE F. MARTIN, JR., Circuit Judge. Petitioner Yan Chen seeks review of an order of

the Board of Immigration Appeals dismissing her appeal. The order affirmed the immigration

judge's denial of her motion for a continuance, as well as the immigration judge's denial of asylum,

withholding of removal, and relief under the Convention Against Torture. We **AFFIRM** the Board's

order and **DENY** Chen's petition for review.

**I. BACKGROUND**

Chen, a native and citizen of China, applied for admission to the United States at Los

Angeles International Airport on January 28, 2005. On February 2, the Department of Homeland

Security issued her a Notice to Appear. After requesting and receiving a venue change, she appeared

before the immigration judge on March 16. She admitted the truth of the allegations in the Notice

---

[*]The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by
designation.

to Appear, conceded removability, and submitted an application for protection under the Convention Against Torture. Chen claimed that she feared returning to China because her parents were involved in a failed business and owed debts to people with connections to the government. She claimed that her parents had been detained for two weeks and that her family had been threatened.

After requesting and receiving two additional venue changes, Chen appeared at a merits hearing on April 2, 2008. She requested a continuance because she had a new attorney and had not had time to prepare some unidentified materials. The immigration judge denied her request, noting that Chen's counsel of record was present and the case had already been delayed due to several venue changes. After a hearing, the immigration judge issued a first oral decision denying relief under the Convention Against Torture. Chen then stated that she wanted to apply for asylum and withholding of removal as well, and the immigration judge issued a second oral decision denying these two forms of relief. The immigration judge concluded that Chen was not a credible witness, made no claim of past persecution, failed to establish a well-founded fear of future persecution, and failed to establish a nexus between the alleged future persecution and a protected ground. Chen appealed.

The Board affirmed the immigration judge's decision on January 13, 2010.[1] The Board found that the immigration judge had properly denied the motion for a continuance based on Chen's failure to show good cause and the substantial delay in the case. In addition, the Board found that the

---

[1] The Board stated that Chen appealed only the denial of the continuance, but it also stated that the immigration judge properly determined that Chen failed to establish eligibility for asylum, withholding of removal, or relief under the Convention Against Torture. Chen's Notice of Appeal stated that she was filing an appeal from the immigration judge's decision in a merits proceeding, but her opening brief to the Board addressed only the continuance. The United States has not argued that she is foreclosed from appealing the denial of asylum, withholding of removal, or relief under the Convention Against Torture.

immigration judge had properly determined that Chen failed to carry her burden of establishing her right to asylum, withholding of removal, or relief under the Convention Against Torture.

## II. ANALYSIS

We note at the outset that Chen's opening brief is so poorly developed and conclusory that it is questionable whether it even preserves her claims. *See Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005) ("It is well-established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks and citation omitted)). However, in order to avoid penalizing Chen for her attorney's deficiencies, we address the claims on the merits. Because the Board adopted the immigration judge's reasoning and supplemented the opinion, we review the immigration judge's opinion and consider the Board's additional commentary. *See Zhao v. Holder*, 569 F.3d 238, 246 (6th Cir. 2009).

## A. Motion for a Continuance

Chen requested a continuance because she had hired a new attorney and they had not had time to prepare certain unidentified materials. An immigration judge "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29 (2008). We review the denial of a continuance for abuse of discretion. *See Berri v. Gonzales*, 468 F.3d 390, 394 (6th Cir. 2006). "An abuse of discretion can be shown when the [immigration judge] or Board offers no rational explanation, inexplicably departs from established policies, or rests on an impermissible basis such as invidious discrimination against a particular race or group." *Id.* at 395 (internal quotation marks and citations omitted).

The immigration judge noted that Chen's counsel of record was present and she had already received a number of venue changes resulting in delay. These reasons provide a sufficient basis for us to find that there was no abuse of discretion in denying the continuance. Chen's attorney of record was present and no other attorney had filed an appearance. Chen did not provide any additional information about the unidentified materials that she wanted to prepare. Chen's proceedings had been pending for more than three years, she had received three previous venue changes, and the immigration judge noted that she had been provided with seven months' notice of her merits hearing. Thus, the immigration judge did not abuse his discretion in declining to grant a continuance. *See id.* (holding that an immigration judge did not abuse his discretion in denying a continuance when petitioners hired new counsel only several weeks before their hearing that had been postponed several times).

To the extent that Chen alleges a violation of due process based on the denial of the continuance, this argument fails. *See Abu-Khaliel v. Gonzales*, 436 F.3d 627, 635 (6th Cir. 2006) (stating that the denial of a continuance did not offend due process because a continuance is discretionary). To the extent that Chen alleges a violation of due process based on deprivation of counsel, this argument fails as well. Chen's attorney of record was present, and Chen failed to allege prejudice. *See Warner v. Ashcroft*, 381 F.3d 534, 539 (6th Cir. 2004) (stating that when making a claim of deprivation of counsel, "proof of prejudice is necessary to establish a due process violation in an immigration hearing"). Thus, we **AFFIRM** the denial of the continuance.

**B. Asylum, Withholding of Removal, and Relief Under the Convention Against Torture**

We next review Chen's claims for asylum, withholding of removal, and relief under the Convention Against Torture.[2]  We review "any legal conclusions de novo and factual findings and credibility determinations for substantial evidence." *Zhao*, 569 F.3d at 246 (internal quotation marks and citation omitted).  The Board's findings of fact are conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* at 247 (internal quotation marks and citation omitted).

To be eligible for asylum, an applicant must establish that she is unable or unwilling to return to her home country because of persecution or a well-founded fear of persecution on account of a protected ground.  8 U.S.C. §§ 1158(b)(1)(A), 1101(a)(42)(A); *Ali v. Ashcroft*, 366 F.3d 407, 410 (6th Cir. 2004).  To be eligible for withholding of removal, an applicant must meet the higher burden of demonstrating that "it is more likely than not" she will be persecuted upon her return. 8 C.F.R. § 1208.16(b)(2); *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009).  To be eligible for protection under the Convention Against Torture, an applicant must establish that "it is more likely than not that . . . she would be tortured if removed to the proposed country of removal."  8 C.F.R. § 1208.16(c)(2); *Pilica v. Ashcroft*, 388 F.3d 941, 951 (6th Cir. 2004).  Although these three forms of relief impose different burdens of proof on a petitioner, we find that Chen's lack of credibility coupled with her failure to produce corroborating evidence defeats all three claims.

---

[2]Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, art. 3, Dec. 10, 1984, S. Treaty Doc. No. 100-20, p. 20, 1465 U.N.T.S. 85; *see* 8 C.F.R. §§ 1208.16-.18.

Chen claims that the immigration judge's adverse credibility finding was not supported by substantial evidence. Because Chen filed her application before the REAL ID Act, the adverse credibility finding must be "supported by specific reasons" and "based on issues that go to the heart of the applicant's claim."[3] *Sylla v. I.N.S.*, 388 F.3d 924, 926 (6th Cir. 2004). We find that the adverse credibility determination was based on substantial evidence.[4]

An "alien's own testimony can be sufficient to support an application for asylum, where the testimony is believable, consistent, and sufficiently detailed to provide a plausible and coherent account of the basis for his fear." *Perkovic v. I.N.S.*, 33 F.3d 615, 621 (6th Cir. 1994) (internal quotation marks and citation omitted). However, an alien's testimony that is vague and undetailed may support an adverse credibility determination. *See Dorosh v. Ashcroft*, 398 F.3d 379, 382 (6th Cir. 2004) ("Under [Board] rulings, credibility encompasses not just consistency but also plausibility and sufficient detail.").

Chen provided very little detail regarding her parents' business venture and the consequences of their failure to pay their debt. The immigration judge noted that "[t]he only evidence presented

---

[3]The REAL ID Act of 2005 amended the standard for credibility determinations, permitting the immigration judge to consider the totality of the circumstances, including inconsistencies that do not "go to the heart of" the applicant's claim. *See El-Moussa*, 569 F.3d at 256. However, this provision applies only to applications filed after May 11, 2005, and Chen's was filed on March 16, 2005. *See id.*

[4]A problem with the administrative record creates a slight wrinkle in our task of appellate review. As discussed above, the immigration judge issued a first oral decision denying Chen relief under the Convention Against Torture, and a second oral decision denying asylum and withholding of removal. However, the first oral decision does not appear in the certified administrative record or in the record relied upon by the Board. Rather, the Board reviewed only the second oral decision. In the immigration judge's second oral decision, he states "[f]or discussion of the issue of credibility and the respondent's credibility in this matter, the Court refers to its decision issued this date in connection with the respondent's application for relief in the form of withholding of removal under the Convention against Torture." Thus, it appears that the second oral decision does not contain the immigration judge's full reasoning regarding his adverse credibility determination. However, we find that the immigration judge discussed the adverse credibility determination in the second oral decision adequately enough to enable meaningful appellate review.

by the respondent in this case is that [Chen's] parents were involved apparently in a failed real estate investment venture, which was financed by money that was borrowed from other people." At the hearing, Chen did not recall when her parents made the alleged investment, and she was unable to name the people from whom her parents borrowed money.[5] Although she claimed that she was threatened, the immigration judge noted that she was "unable to testify who made the threats, when they were made, in what context they were made, [or] to whom they were made. [Chen] just sets forth an unsupported belief that her life would be in danger if she returned to the People's Republic of China." Despite the immigration judge's multiple inquiries to Chen for specifics, her testimony about the failed real estate venture lacked the kinds of details such as names, dates, and context that would have lent her story credence. Because the failed real estate venture and threats against her family form the very basis of Chen's claims for asylum, withholding of removal, and protection under the Convention Against Torture, these issues undoubtedly go to the heart of her claims. *Cf. Sylla*, 388 F.3d at 926. Thus, under the deferential substantial evidence standard, we find no basis to overturn the immigration judge's adverse credibility determination.

The immigration judge also did not err in using Chen's failure to provide corroborating evidence as support for the finding that she did not meet her burden of proof regarding her claims. "[W]here it is reasonable to expect corroborating evidence for certain alleged facts pertaining to the specifics of an applicant's claim, such evidence should be provided." *Dorosh*, 398 F.3d at 382 (internal quotation marks and citation omitted). Because the immigration judge found that Chen was

---

[5] In Chen's application for withholding of removal she provides the name of one person to whom her parents owed money.

not credible, he could have properly determined that she was obligated to provide objective corroboration of her claims. *See Sako v. Gonzales*, 434 F.3d 857, 862 (6th Cir. 2006) ("Where the alien's testimony could be viewed as incredible, inconsistent, or incoherent, a fact-finder may reasonably conclude, absent corroboration, that the testimony is insufficient to meet the standard of proof required."). An adverse credibility finding coupled with a failure to present corroborating evidence may prevent a claimant from meeting her burden of proof. *See Dorosh*, 398 F.3d at 382.

The immigration judge noted that although over three years had passed since the Notice to Appear, Chen had failed to submit any corroborating evidence to support her testimony. He noted in particular that she had failed to present written statements from her mother, father, or brother. The immigration judge did not err in questioning Chen's failure to produce these documents. Chen stated that her mother, father, and brother were in China, and that her father was working for the Chinese government. Thus, she could have been reasonably expected to submit one or more affidavits in support of her claim. *See id.* at 383 (holding that corroborative evidence could be reasonably expected when petitioner was in contact with her mother yet produced no affidavit from her, despite having ample time between her notice of removal and hearing).

Thus, the immigration judge's finding that Chen was not credible is supported by substantial evidence, and she presented no corroborating evidence. Because Chen's testimony could be viewed as incredible, a fact finder reasonably could find that this testimony, absent corroboration, was insufficient to meet her burden of proof on any of her claims. *See Pilica*, 388 F.3d at 954. Chen's claims are all based on the same grounds—her parents' failed real estate venture and inability to pay their debts. Thus, her lack of credibility coupled with her lack of corroborating evidence is fatal to

all three claims.[6] *See El-Moussa*, 569 F.3d at 256-57 (holding that an adverse credibility finding was fatal to petitioner's claims of asylum, withholding of removal, and relief under Convention Against Torture because she could not meet her burden of proof regarding any of the claims unless the court credited her testimony). Thus, we **AFFIRM** the Board's denial of asylum, withholding of removal, and relief under the Convention Against Torture.

### III. CONCLUSION

The immigration judge did not abuse his discretion in denying Chen's motion for a continuance. In addition, the immigration judge and Board did not err in denying Chen's claims of asylum, withholding of removal, and relief under the Convention Against Torture. Thus, we **AFFIRM** the Board's order and **DENY** Chen's petition for review.

---

[6]We note that the immigration judge and Board also correctly found that Chen failed to establish that any persecution that she might suffer would be on account of a protected ground, as required for a claim based on asylum or withholding of removal.