NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0066n.06

No. 12-3079

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jan 15, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ILKHOM RAKHMATOV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW FROM A |
| v. | ) | FINAL ORDER OF THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| ERIC H. HOLDER, Jr., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before:  MARTIN and SUTTON, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM.  Ilkhom Rakhmatov, a native and citizen of Uzbekistan, seeks judicial review of a decision by the Board of Immigration Appeals (Board) dismissing his appeal from a decision by an Immigration Judge (IJ) denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture.

Rakhmatov entered the United States in June 2006 on a student visa, but he never attended school.  He timely filed his applications for relief in October 2006 based on his Muslim religion. The government initiated removal proceedings in September 2007, and Rakhmatov conceded removability.

After a hearing, the IJ found that Rakhmatov had failed to present credible evidence that he suffered from past persecution in Uzbekistan.  The IJ determined that, even if Rakhmatov had established persecution, he failed to show that it was because of his Muslim religion.  The IJ also

_____

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

found that Rakhmatov had failed to show a well-founded fear of future persecution. The IJ denied Rakhmatov's requests for relief and the Board subsequently upheld the IJ's decision on review.

We have jurisdiction over the Board's decision affirming the denial of relief pursuant to 8 U.S.C. § 1252(a)(1). *See Singh v. Ashcroft*, 398 F.3d 396, 400 (6th Cir. 2005). Where the Board reviews an IJ's decision and issues a separate opinion rather than summarily affirming the IJ's decision, as in this case, we review the Board's decision as the final agency determination. *Shaya v. Holder*, 586 F.3d 401, 405 (6th Cir. 2009). To the extent that the Board adopted the IJ's reasoning, however, we also review the IJ's decision. *Id*. We review "factual findings, including credibility determinations, under a substantial evidence standard" and uphold these factual findings if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Abdallahi v. Holder*, 690 F.3d 467, 472 (6th Cir. 2012) (citation and internal quotation marks omitted). We reverse a factual determination only if the evidence not only supports a contrary conclusion, but compels it. *Rreshpja v. Gonzales*, 420 F.3d 551, 554 (6th Cir. 2005).

The resolution of an asylum request involves a two-part inquiry: 1) whether the alien qualifies as a refugee; and 2) whether the alien merits a favorable exercise of administrative discretion by the Attorney General. *Gilaj v. Gonzales*, 408 F.3d 275, 283 (6th Cir. 2005). "Refugee" is defined as an alien who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *Rreshpja*, 420 F.3d at 554. To prevail on a request to withhold removal, an alien must show that there is a clear probability that the alien would be subject to persecution if he or she returned to the country in question. *Pablo-Sanchez v. Holder*, 600 F.3d 592, 594 (6th Cir. 2010). In order to establish entitlement to relief under the Convention Against Torture, an alien must prove that it is more likely than not that the alien will be tortured with the consent or acquiescence of public officials if he or

she returns to the country in question. 8 C.F.R. § 208.16(c)(2); *Khozhaynova v. Holder*, 641 F.3d 187, 197 (6th Cir. 2011).

Rakhmatov's primary argument is that his right to due process was denied because of faulty translation of his testimony, and he disagrees with the adverse credibility determination that was based on the translation. An alien must be afforded a full and fair hearing, but to prevail on a due process claim, an alien must show substantial prejudice that materially affected the outcome of the case. *Al-Ghorbani v. Holder*, 585 F.3d 980, 992 (6th Cir. 2009). The alien must show that an alleged defect "led to a denial of justice." *Garza-Moreno v. Gonzales*, 489 F.3d 239, 241 (6th Cir. 2007) (quoting *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001)).

Adverse credibility findings should be "based on the 'totality of the circumstances' and take into account 'all relevant factors.'" *El-Moussa v. Holder*, 569 F.3d 250, 256 (6th Cir. 2009) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Under this standard, we must uphold an adverse credibility determination if supported by the evidence, even if we would have come to a different conclusion. *El-Moussa*, 569 F.3d at 256. In addition, "where it is reasonable to expect corroborating evidence for certain alleged facts pertaining to the specifics of an applicant's claim, such evidence should be provided." *Lin v. Holder*, 565 F.3d 971, 977 (6th Cir. 2009) (citations and internal quotation marks omitted).

The lack of a competent interpreter may form the basis for a due process violation in removal proceedings. *See Amadou v. INS*, 226 F.3d 724, 726–28 (6th Cir. 2000). However, any differences between the original transcript and the translation submitted by Rakhmatov were not material to the outcome of the case and, thus, do not establish that injustice took place that would support a due process argument. Moreover, the transcripts do not show that the interpreter was "incapable of interpreting the language petitioner spoke or that he spoke a different dialect." *See id.* at 725. The IJ had broad discretion in conducting the hearing and took proper action to ensure that the interpreter was competent and that Rakhmatov had a full and fair hearing. *See Ahmed v. Gonzales*, 398 F.3d

722, 725 (6th Cir. 2005). The evidence does not compel a conclusion contrary to the Board's determination that Rakhmatov failed to show prejudice. Therefore, his due process claim is without merit. *See Warner v. Ashcroft*, 381 F.3d 534, 539 (6th Cir. 2004).

Rakhmatov's challenge to the Board's adverse credibility finding is also without merit. The Board set forth several valid reasons for finding Rakhmatov not credible. Contrary to Rakhmatov's argument, the Board made an explicit adverse credibility finding upon which it could rely in rejecting his claims of persecution and a well-founded fear of future persecution, and this finding was not based "solely" upon problems with Rakhmatov's testimony. The Board noted inconsistencies between his oral statements and his written statements, the lack of corroborating documents that could have reasonably been expected, the unresponsive nature of Rakhmatov's answers, and Rakhmatov's tendency to override the interpreter's questions before they were completed. We will not disturb the Board's adverse credibility finding because it is supported by substantial evidence.

The petition for review is denied.