NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0172n.06

No. 14-3695

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Mar 05, 2015
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| FIDENCIO XIMON-ROSALES, | ) |
| | ) |
| Petitioner, | ) |
| | ) ON PETITION FOR REVIEW |
| v. | ) FROM THE UNITED STATES |
| | ) BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) APPEALS |
| | ) |
| Respondent. | ) |

BEFORE: GRIFFIN and STRANCH, Circuit Judges; STEEH, District Judge.*

PER CURIAM. Fidencio Ximon-Rosales, a citizen of Guatemala, petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of an immigration judge (IJ) denying his application for cancellation of removal under 8 U.S.C. § 1229b(b).

Ximon-Rosales was born in Guatemala in 1983. He alleges that he has lived illegally in this country since 1998. When placed in removal proceedings in 2010, he applied for cancellation, which the Attorney General may grant to an alien who has been continuously present in this country for ten years and who can demonstrate that an exceptional and extremely unusual hardship will be suffered by a qualifying relative if the alien is removed, among other requirements. *Id*.

---

*The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

After holding a hearing, the IJ determined that Ximon-Rosales had not demonstrated either his continual presence in this country for ten years or that his U.S. citizen son would suffer exceptional hardship if Ximon-Rosales were removed. The BIA agreed and dismissed the appeal. Before this court, Ximon-Rosales argues that he was denied due process when the IJ did not grant a continuance to allow him to submit additional corroborating evidence, although the record shows that Ximon-Rosales did not request a continuance. Respondent asks the court to dismiss the appeal for lack of jurisdiction, because the due process argument regarding the lack of corroborating evidence does not apply to the otherwise unreviewable determination that petitioner's son will not suffer exceptional hardship.

We lack jurisdiction to review a determination that the requisite hardship to a relative was not established in an application for cancellation of removal; however, we have jurisdiction to review questions of law. *Ettienne v. Holder*, 659 F.3d 513, 517-18 (6th Cir. 2011). Therefore, Ximon-Rosales has framed his issue on appeal as that of a denial of due process. However, in order to succeed on a claim of denial of due process, prejudice must be demonstrated. *Warner v. Ashcroft*, 381 F.3d 534, 539 (6th Cir. 2004). Ximon-Rosales cannot show prejudice arising from the denial of a continuance because he does not allege that he could produce or explain the lack of corroborating evidence of exceptional hardship to his son. He simply made no argument that his son would suffer anything other than the normal hardship from separation if he did not accompany his father to Guatemala, or the typical inferior conditions if he did accompany him. Therefore, this petition for review is denied.