NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0555n.06

No. 16-3042

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

AKMALJON ALAM UGLI ALAMOV,   )
                                                   )
    Petitioner,                              )
                                                   )
v.                                               )  ON PETITION FOR REVIEW
                                                   )  FROM THE UNITED STATES
                                                   )  BOARD OF IMMIGRATION
LORETTA E. LYNCH, U.S. Attorney    )  APPEALS
General,                                        )
                                                   )
    Respondent.                            )

**FILED**
Sep 30, 2016
DEBORAH S. HUNT, Clerk

BEFORE: GRIFFIN, WHITE, and DONALD, Circuit Judges.

PER CURIAM. Akmaljon Alam Ugli Alamov, a citizen of Uzbekistan, petitions through counsel for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from a decision of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

Alamov was born in Uzbekistan in 1968. He entered this country in 2010 and applied for the above relief in 2012, claiming that he feared persecution in Uzbekistan based on his political opinion and membership in a particular social group. He cited his speeches to union groups challenging the forced harvesting of cotton. At his merits hearing before the IJ, Alamov amended his application to add that he feared persecution on the basis of his Tajik ethnicity. Alamov testified that he worked at the ministry of commerce. He testified that his supervisor made work difficult for him after Alamov refused to recommend the supervisor for a promotion on the ground that he was corrupt and took bribes. He testified that he was arrested by the police

once at work, was held for three days, and was hit in his ribs. He stated that he believed his supervisor was behind the arrest, but he had no proof of this. He stated that he sought medical attention after his release and was given antibiotics. He felt forced to resign from his post in 1996. Alamov then opened his own business, but it was closed due to harassment from tax authorities. Again, Alamov stated that he believed his former supervisor was behind the harassment. He also reported that he was threatened with harm by the mafia if he did not pay them. Again, he theorized that his former supervisor had contacts with the mafia and was seeking revenge for his failure to be promoted due to Alamov's refusal to recommend him. Alamov moved to South Korea and worked there from 2000 to 2009. He returned to Uzbekistan for a short time and got a new job before coming into the United States on a tourist visa. His ex-wife and their three children continue to reside in Uzbekistan. Alamov also had an expert testify on his behalf that Tajiks are discriminated against in Uzbekistan.

The IJ denied all relief, finding that the asylum application was untimely, Alamov's testimony was not credible, he failed to corroborate any of his testimony, and the only persecution he feared was based not on a protected ground, but on his personal dispute with his former supervisor. On appeal to the BIA, Alamov challenged only the denial of withholding of removal based on his fear of persecution due to his Tajik ethnicity. The BIA agreed with the IJ's findings that Alamov was not credible, did not corroborate his testimony, and did not demonstrate that he would be persecuted because of his ethnicity.

Before this court, Alamov argues that he was denied due process because the Uzbek interpreter provided for his hearing was ineffective. He also challenges the IJ's credibility finding and the denial of his applications for withholding of removal and protection under the CAT. Alamov did not raise any objection to the interpreter before the IJ or the BIA. He told the

IJ that Uzbek was his best language. Before the BIA, he argued only that the IJ should have asked the interpreter whether Alamov had a Tajik accent or ordered a Tajik interpreter to verify his fluency in Tajik. Because this claim was not properly exhausted, we lack jurisdiction to review it. *See Ramani v. Ashcroft*, 378 F.3d 554, 559 (6th Cir. 2004) (citing *Perkovic v. INS*, 33 F.3d 615, 619 (6th Cir. 1994)) ("Unlike many contexts in which exhaustion of administrative remedies is a court-created doctrine, [8 U.S.C. § 1252(d)(1)] provides that federal courts are without jurisdiction to hear an immigration appeal when administrative remedies have not been exhausted."). Moreover, although Alamov cites numerous pages in the transcript that he believes show problems with translation, review of those pages does not reveal any prejudice as required to establish a due process violation. *See Warner v. Ashcroft*, 381 F.3d 534, 539 (6th Cir. 2004).

Alamov challenges the IJ's finding that his testimony was not credible. A factual finding that testimony is not credible is reviewed for substantial evidence and will be reversed only if any reasonable adjudicator would be compelled to conclude to the contrary. *See Zhao v. Holder*, 569 F.3d 238, 247 (6th Cir. 2009). Here, the IJ's finding was supported by substantial evidence. Alamov's testimony conflicted with his application for relief in several important ways. For instance, he first testified that he had never used any other names, but when he was confronted with his asylum application stating that he had formerly used a different name, he claimed that he had changed his name in 2003. Also, he did not mention his arrest and beating by the police in his application, although that was the only physical harm he claimed to have suffered. Under these circumstances, the IJ's finding of lack of credibility is supported by substantial evidence. Moreover, the IJ also noted that Alamov failed to provide corroborative evidence that he should have been able to obtain, therefore, supporting the IJ's finding that Alamov had not met his burden of proof. *See Lin v. Holder*, 565 F.3d 971, 977 (6th Cir. 2009). Alamov had no

corroborative evidence of his arrest, the following medical treatment, his failed business venture, or any supporting evidence from his family. The adverse credibility finding was sufficient to preclude Alamov from meeting his burden of proof. *See El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009).

Alamov next challenges the denial of his application for withholding of removal. In order to be eligible for withholding of removal, Alamov was required to show that there is a "clear probability"—i.e., that it is more likely than not—that he will be persecuted on account of his Tajik ethnicity. *See Liti v. Gonzales*, 411 F.3d 631, 640–41 (6th Cir. 2005). Alamov's own testimony, even if deemed credible and corroborated, did not meet this standard. He repeatedly testified that he feared further harassment from the authorities or the mafia at the direction of his former supervisor. When asked if he believed the supervisor would have treated him better if he had been Uzbek, Alamov said only that he might have. Problems stemming from a personal vendetta do not establish persecution based on a protected ground such as ethnicity. *See Alhaj v. Holder*, 576 F.3d 533, 538 (6th Cir. 2009). Alamov's expert testified that he believed Alamov would be arrested and questioned if he returned to Uzbekistan, but Alamov himself reported no problems on previous occasions when he returned to Uzbekistan from Korea and the United States. Therefore, he failed to establish that it is more likely than not that he will be persecuted based on his ethnicity when he returns to Uzbekistan.

Finally, Alamov challenges the denial of his application for protection under the CAT. However, he did not exhaust this claim in his appeal to the BIA, and we therefore lack jurisdiction to consider it. *See Ramani*, 378 F.3d at 559.

For all of the above reasons, we **DENY** the petition for review.